# IN THE COURT OF APPEALS OF IOWA

No. 24-1498
Filed December 3, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SAMUEL SOTO MENDOZA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kathryn E. Austin, Judge.

Samuel Soto Mendoza appeals the sufficiency of the evidence supporting his convictions for child endangerment and assault. **AFFIRMED.**

Jessica Maffitt of Benzoni & Maffitt Law Office, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

Samuel Soto Mendoza appeals his convictions for assault and child endangerment. He argues there was insufficient evidence to support his convictions for either charge. Upon our review, we affirm.

## I.     Background Facts and Proceedings

On June 24, 2023, ten-year-old A.S. was in his bedroom playing on his phone. While in his room he heard his parents[1] fighting. He went to see what the commotion was and saw his father push his stepmother, J.S., down to a chair by her neck. She began to scream for A.S. to help her. A.S. ran outside and frantically called Marshall County 911. At the beginning of the call, A.S. reported that his dad was hitting his mom. He told the operator that his mom and dad regularly fought but, on this day, his dad was hitting his mom on the couch. Throughout the call, A.S. sounded frightened, repeatedly saying he did not want his dad to find him and that he did not want to get in trouble with his dad.

When law enforcement officers arrived, they found A.S. outside crying. A.S. told officers that his dad and mom started fighting and then started to push each other. Officers then approached the home where they encountered J.S. She was upset and crying as officers spoke to her. Officers saw red marks on her neck during the conversation.

Officers then went inside where they spoke to Soto Mendoza. Soto Mendoza told officers he was angered because he believed J.S. was living with

---

[1] J.S. is A.S.'s stepmother, but he refers to her as his mother.

another man. Agreeing that he was humiliated and angry, he admitted to breaking J.S.'s phone.

Soto Mendoza was charged by information with two counts: domestic abuse assault by strangulation causing bodily injury, in violation of Iowa Code sections 236.2(2)(d) and 708.2A(1) and (5) (2023); and child endangerment, in violation of Iowa Code sections 726.6(1)(a), (4), and (8). After trial, the jury found Soto Mendoza guilty of the lesser-included offense of assault under the first count, and it found him guilty of child endangerment as charged in the second count. Soto Mendoza now appeals.[2]

## II.      Discussion

Soto Mendoza challenges the sufficiency of the evidence supporting his convictions for child endangerment and assault. We review the sufficiency of the evidence for correction of errors at law. *See State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). "Under this standard, the court is highly deferential to the jury's verdict. We will affirm the jury's verdict when the verdict is supported by substantial evidence." *Id.* Evidence is substantial if it is sufficient to convince a rational person of the defendant's guilt beyond a reasonable doubt. *Id.* In making this determination, we view the evidence and all reasonable inferences that can be drawn from it in the light most favorable to the State. *Id.* The question is whether

---

[2] Because assault in violation of Iowa code sections 708.1(2) and 708.2(7) is a simple misdemeanor, Soto Mendoza does not have a right to direct appeal. *See* Iowa Code § 814.6(1)(a)(1). But the supreme court has granted discretionary review over his conviction for assault, so we have jurisdiction. *Id.* § 814.6(2)(d); Iowa R. Crim. P. 2.72(6).

the evidence supports the finding the jury made, not whether it would support a different finding. *Id.*

  *a. Child Endangerment*

  Soto Mendoza first asserts there was insufficient evidence supporting his conviction for child endangerment. The jury was instructed that the State had to prove the following elements of child endangerment:

1. On or about the 24th day of July, 2023, Samuel Soto Mendoza was the parent, guardian, or person having control of A.S.
2. A.S. was a child, under the age of fourteen years.
3. Samuel Soto Mendoza acted with the knowledge that he was creating a substantial risk to A.S.'s physical, mental, or emotional safety.

  Soto Mendoza raises two challenges to the third element. First, he alleges there was insufficient evidence to prove his intent. Second, he alleges the evidence was insufficient to show a substantial risk to A.S.'s physical, mental, or emotional health or safety, or that he created a substantial risk of harm to A.S.

  We begin with Soto Mendoza's argument that there is insufficient evidence to prove his intent. Our supreme court has interpreted the word "knowingly" in section 726.6 to mean "the defendant acted with knowledge that [he or] she was creating a substantial risk to the child's safety." *State v. James*, 693 N.W.2d 353, 357 (Iowa 2005). Our review of the record shows that while Soto Mendoza was grabbing J.S. by the neck, she yelled out for A.S. to help her. Instead of letting her go, Soto Mendoza continued his assault by pinning her down by the neck, which A.S. both saw and heard. Though Soto Mendoza argues that there was no evidence he was aware A.S. was present, the record clearly shows J.S. was yelling for the child, and a reasonable jury could find that Soto Mendoza was at least

aware the child was present within the home. Soto Mendoza's act of assaulting J.S. while he knew A.S. was nearby provides substantial evidence for the "knowing" element of child endangerment. *See State v. Schlitter*, 881 N.W.2d 380, 390 (Iowa 2016); *State v. Lee*, No. 17-0413, 2018 WL 1099273, at *3 (Iowa Ct. App. Feb. 21, 2018) (finding sufficient evidence of knowledge where a reasonable jury could conclude the defendant was aware of children's presence in the home). So, we find there is sufficient evidence to show Soto Mendoza acted knowingly.

We next turn to Soto Mendoza's argument that there is insufficient evidence to show he created a substantial risk to A.S.'s physical, mental, or emotional health or safety, or that he created a substantial risk of harm to A.S. The supreme court has defined substantial risk to the child's health or safety as "[t]he very real possibility of danger to a child's physical health or safety." *Anspach*, 627 N.W.2d at 233. "It does not require proof that the conduct was negligent or reckless, although such actions may create a substantial risk. . . . [I]t [is] unnecessary to prove that the physical risk to a child's health or safety is likely. Rather a showing that the risk is real or articulable will suffice." *Id.* at 232–33. Our review of the record demonstrates that A.S. watched as Soto Mendoza held J.S. down and strangled her. A terrified A.S. ran outside to call 911 out of fear that his father would notice him intervening and get angry with him. When law enforcement officers arrived, A.S. was outside, shaken, crying, and talking about how Soto Mendoza "won't leave [them] alone" and how A.S. did not want to live with Soto Mendoza anymore.

We find it is reasonable that there is a "real or articulable" risk or a "very real possibility of danger" to a child's mental, physical or emotional health or safety from

witnessing his father assault his stepmother in the home. *See State v. Lee*, No. 17-0413, 2018 WL 1099273, at *3 (Iowa Ct. App. Feb. 21, 2018) (finding a substantial risk under similar facts); *In re L.H.*, 904 N.W.2d 145, 153 (Iowa 2017) ("Further, '[c]hildren from violent homes may also experience impaired social competence and even post-traumatic stress disorder.'" (alteration in original) (quoting Amy B. Levin, Comment, *Child Witnesses of Domestic Violence: How Should Judges Apply the Best Interests of the Child Standard in Custody and Visitation Cases Involving Domestic Violence?*, 47 UCLA L. Rev. 813, 832–33 (2000))).

Accordingly, we find there is substantial evidence to support the elements of child endangerment, and we affirm Soto Mendoza's conviction.

### b. Assault

Soto Mendoza next asserts there was insufficient evidence supporting his conviction for assault. The jury was instructed that the State had to prove the following elements of assault:

1. On or about the 24th day of July, 2023, Samuel Soto Mendoza, did an act which was intended to:
   a. Cause pain or injury to [J.S.], or
   b. Result in physical contact which would be insulting or offensive to [J.S.], or
   c. Place [J.S.] in fear of immediate physical contact which would have been painful, injurious, insulting, or offensive to her.
2. Samuel Soto Mendoza's act caused a bodily injury to J.S.

The jury instructions further defined apparent ability as "a reasonable person in Samuel Soto Mendoza's position would expect the act to be completed under the existing facts and circumstances."

Soto Mendoza's sole contention on appeal is that A.S.'s testimony was contradictory as to whether physical contact occurred between Soto Mendoza and J.S. He urges us to reverse because A.S.'s testimony "lacks the probative value necessary to enable a rational jury to find beyond a reasonable doubt."[3] It has been longstanding law that inconsistency in witness testimony is "for the jury's consideration, and do[es] not justify a court's usurpation of the factfinding function of the jury." *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (cleaned up).

Even if A.S.'s testimony was in some way flawed, we would find sufficient evidence of assault. On the day of the assault, A.S. called 911 and spoke to the operator. The jury heard a scared and frantic A.S. tell the operator "my dad is starting to hit my mom." The responding law enforcement officer described seeing "redness in the front of" J.S.'s neck. Further, the jury observed the officer's body-worn camera footage in which the defendant told officers that he was angry and broke J.S's phone. Those facts viewed in the light most favorable to the verdict are sufficient to support a conviction for assault. So, we affirm Soto Mendoza's conviction for assault.

---

[3] In advancing this argument, Mendoza relies primarily on our 1993 decision in *State v. Smith*, 508 N.W.2d 101, 104 (Iowa Ct. App. 1993). Recently, our court filed an en banc decision overruling *Smith* and disavowing its reasoning. *State v. Lang*, No. 24-0406, 2025 WL 3022653, at *4–7 (Iowa Ct. App. Oct. 29, 2025) (explaining that, among other flaws, "*Smith* cannot be reconciled with the[] fundamental principles of appellate review"). Even if *Smith* survived, we would reach the same conclusion we reach in this case today because we find *Smith* does not control.

**III.** **Conclusion**

Because we find substantial evidence supports Soto Mendoza's convictions for both child endangerment and assault, we affirm.

**AFFIRMED.**